# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DEMETRIUS HILL | : | CASE NO. 7:08-CV-00283 |
| | : | |
| Plaintiff, | : | JUDGE JAMES C. TURK |
| | : | Senior United States District Judge |
| -vs- | : | |
| | : | **PLAINTIFF'S MOTION FOR** |
| TERRY O'BRIEN, et al. | : | **TRANSFER TO OHIO FACILITY** |
| | : | |
| Defendants. | : | |

Now comes Plaintiff, Demetrius Hill, by and through undersigned counsel and hereby moves this Court for an Order to return Plaintiff Demetrius Hill to CI NE Ohio Correctional Center in Youngstown, Ohio ("NEOCC") until 1-2 weeks prior to Plaintiff's Trial before this Court.

Plaintiff Hill was housed in NEOCC as a result of a May 6, 2011 Order from the United States District Court of West Virginia. Mr. Hill's West Virginia case, 3:06 cv 136, is currently pending before Magistrate Judge John S. Kaull and will be set for its next hearing on a date after Mr. Hill completes his matter before this Court. As such, West Virginia's orders do not impact this Court in any way, as Mr. Hill is not returning to West Virginia until this matter before this Honorable Court is complete.

On August 24, 2011, this Court issued an order directing the U.S. Marshal's service to "have Demetrius Hill transported to the United States District Court . . . so that he may be present at his trial on October 6-7, 2011." (Docket 98).

At this same time, counsel for Defendant requested to conduct a deposition of Plaintiff, and counsel for both parties agreed on some dates in mid-September to conduct that deposition at the NEOCC facility. On August 29, 2011, Defendants filed a Motion for Leave to Depose Plaintiff. (Docket 103). All agreements and scheduling between counsel relied on the fact that Mr. Hill was housed at NEOCC in Youngstown, Ohio.

On August 30, 2011, today, Mr. Hill was picked up by the U.S. Marshal's office for his transfer. Needless to say, counsel was not expecting that Mr. Hill would be transferred approximately 1 ½ months prior to his trial date. Counsel and Mr. Hill had been preparing for trial and counsel had not yet prepared Mr. Hill for deposition, nor testifying at trial. Mr. Hill was in possession of certain trial documents that were being used for trial preparation and counsel had scheduled meeting with Mr. Hill to address witnesses and exhibits. All of this preparation has now halted.

Because it is unknown where Mr. Hill is going and how long he may potentially stay at each facility, it appears extremely difficult to thoroughly prepare for trial. If, as counsel has been advised, Mr. Hill transfers through several different facilities before he arrives in Virginia, counsel will not be able to travel and visit Mr. Hill from Ohio to whichever State Mr. Hill is in, as he would likely be transferred right out of that facility within days after his arrival.

The trial before this Court is in thirty-eight (38) days and counsel does not know where Mr. Hill is going or when he will settle into a location. If Mr. Hill is transferred through other facilities before his arrival in Virginia, it will be impossible for counsel to follow him around from State to State in preparation for trial. Moreover, a deposition of Plaintiff will be unlikely, as locations and dates are unknown at this time.

It is also counsel's understanding that there are limited facilities in Virginia that are designated to house a maximum security inmate, such as Mr. Hill. One of the only facilities in Virginia that can house maximum security inmates with Mr. Hill's medical conditions is Lee USP – the facility that Mr. Hill has named as a Defendant in this matter. Counsel can only hope that the U.S. Marshal is aware of Lee USP being the Defendant in this matter and refrain from housing Plaintiff Hill at Lee USP. Plaintiff's counsel; however, brings this to the attention of the Court in case Mr. Hill is housed at Lee USP and as additional grounds for the return transfer of Mr. Hill to NEOCC.

Based on the foregoing, Plaintiff Hill, by and through undersigned counsel, respectfully requests that this Court enter an order instructing the Marshal to transfer Mr. Hill back to NEOCC until 1-2 weeks prior to trial, at which point the Marshal then transfer Mr. Hill to a facility near Big Stone Gap, VA that is not Lee USP.

Respectfully submitted,

/s/ Arlene Sokolowski-Craft
ARLENE SOKOLOWSKI-CRAFT
(0073935)
7425 Royalton Road
North Royalton, Ohio 44133
(440) 237-1900
(440) 230-1699 Fax
arlenecraft@roadrunner.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

                                                 /s/ Arlene Sokolowski-Craft
                                                 ARLENE SOKOLOWSKI-CRAFT
                                                 (0073935)