IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DEMETRIUS HILL,  :
      Plaintiff; :
       :
v. : Civil No. 7:08-cv-00283
       :
TERRY O'BRIEN, et. al., :
      Defendants. :

DEFENDANTS' REPLY TO PLAINTIFF'S MOTION
RETURN TO THE NORTHEAST OHIO CORRECTIONAL CENTER

COME NOW the defendants, by counsel, and state the following as their reply to the plaintiff's motion to return to the Northeast Ohio Correctional Center:

1. The plaintiff was transferred to this district, by order of this court, for his scheduled trial with the understanding that his hearing in the Northern District of West Virginia will be continued until after the plaintiff's trial in this district with the agreement of the U.S. District Court for the Northern District of West Virginia.

2. Before his transfer, the plaintiff was housed in the Northeast Ohio Correctional Center which is a privately run facility under contract with the Bureau of Prisons. The plaintiff was being held there pursuant to his law suit in the Northern District of West Virginia. Plaintiff is not represented by Ms. Sokolowski-Craft in his Northern District of West Virginia case. A local West Virginia attorney represents the plaintiff in that litigation.

3. According to the U.S. Marshal's Service (USMS), pursuant to order of this court, the plaintiff was transferred by the USMS to this district for his trial which set for October 6-7, 2011 in the Big Stone Gap (BSG) Division. Plaintiff is presently housed in the Salem/Roanoke County

Jail where he will remain until moved to a facility in the BSG Division for his trial at a time to be determined by the USMS based on when the USMS can undertake the move and the availability of a facility in the BSG Division.

4. For security and man power efficiency, movement of prisoners is done at the discretion of the Bureau of Prisons and the USMS with primary consideration given to security for the move and the USMS's schedule for movement of prisoners.

5. When the parties agreed to take the plaintiff's deposition, it was unknown when the plaintiff would be moved to this district for his trial. The parties had no agreement that the plaintiff would remain in Ohio for his deposition or until shortly before his trial. Such an agreement would be impossible knowing that the plaintiff could be moved at anytime at the discretion of the Bureau of Prisons and the USMS. It may have been thought that he would be at the Ohio facility at the time of his deposition, but that would have only been an assumption.

6. Plaintiff has retained Ms. Sokolowski-Craft as private counsel who had to know when she agreed to represent the plaintiff in his case in this district that he has pending cases in two districts and that he would be moved between the districts at the discretion of the USMS, the Bureau of Prisons and the courts in the two districts. Ms. Sokolowski-Craft does not represent the plaintiff in his Northern District of Ohio litigation.

7. That the plaintiff is in a local jail in this district is no obstacle to his deposition. Ms. Sokolowski - Craft, as plaintiff's privately retained counsel, has the option to travel to the plaintiff's deposition in this district in person, or attend by video conference from Ohio. Attorneys practicing in the federal court in this district frequently do depositions by video conference. Also, as plaintiff's private counsel, she can meet with the plaintiff at the

Salem/Roanoke County Jail to plan for his trial and deposition. The USMS does not have the budget or manpower to transport prisoners for the convenience of private counsel in civil cases.

THEREFORE, the plaintiff's motion should be denied.

Dated: August 30, 2011.

Respectfully submitted,

TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY


 /s/ Thomas L. Eckert
Assistant U.S. Attorney
P.O. Box 1709
Roanoke, VA 24008
(540) 857-2761 or 2254  voice
(540) 857- 2283 FAX
Virginia Bar # 18781
thomas.eckert@usdoj.gov
Attorney for the Defendants Crum and Taylor

CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011 I electronically filed the above reply using the CM/ECF system which will electronically provide notice of the filing and a true copy of the same to Arlene Sokolowski-Craft, attorney for the plaintiff.

 /s/ Thomas L. Eckert
Thomas L. Eckert
