IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DEMETRUIS HILL, :
    Plaintiff; :
     :
v. : Civil No. 7:08-cv-00283
     :
TERRY O'BRIEN, et. al.; :
    Defendants. :

## THE DEFENDANT'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW THAT THE DEFENDANT HAS QUALIFIED IMMUNITY

COMES NOW the defendant, William Crum, pursuant to Fed. R. Civ. P. 50(b) and Ortiz v. Jordan, _____ U.S. _____, 131 S. Ct. 884 (2011) and states the following as his motion for judgment as a matter of law based on his qualified immunity for the acts alleged by the plaintiff.

> When summary judgment is sought on a qualified immunity defense, the court inquires whether the party opposing the motion has raised any triable issue barring summary adjudication. "[O]nce the trial has been had", however, "the availability of official immunity should be determined by the trial record, not the pleadings nor the summary judgment record". (citation omitted). After trial, if defendants continue to urge qualified immunity, the decisive question, ordinarily, is whether the evidence favoring the party seeking relief is legally sufficient to overcome the defense. (quotation citation omitted). Ortiz at 889.

> To the extent that the [defendants] urge [the plaintiff] has not proved her case, they were, by their own account, obliged to raise that sufficiency-of-the-evidence issue by postverdict motion for judgment as a matter of law under Rule 50(b). Ortiz at 893 (citation omitted).

This court has previously denied the defendant's motion for summary judgment based on his qualified immunity. *See* docket number 135 September 30, 2011. At the close of the plaintiff's evidence, the court also denied the defendant's motion for judgment as a matter of law. *See* docket numbers 150 and 151. At the conclusion of all the evidence, the court also

1

denied the defendant's motion for judgment as a matter of law. *See* docket numbers 159 and 160.

Accordingly, pursuant to Rule 50(b) the defendant now reasserts that defense a moves the court to find that he has qualified immunity based on the failure of the plaintiff to prove at trial by a preponderance of the credible evidence that the defendant's acts violated the then established Fourth Circuit law pertaining to the Eighth Amendment's prohibition against cruel and unusual punishment.

> Qualified immunity is an immunity from suit rather than a mere defense to liability. A plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993). However, a defendant must demonstrate that the right was not clearly established at the time of the incident to receive qualified immunity. Henry v. Purnell, 501 F.3d 374, 378 (4th Cir. 2007). "The unlawfulness of the action must be apparent when assessed from the perspective of an objectively reasonable official charged with knowledge of established law." Lopez v. Robinson, 914 F.2d 486, 489 (4th Cir. 1990). *See* Anderson v. Creighton, 483 U.S. 635, 640 (1987). ("This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously been held unlawful ... ***but it is to say that in light of pre-existing law the unlawfulness must be apparent***."). Morva at *6. (emphasis added).

Accordingly, as a matter of law, the defendant has qualified immunity unless the clearly established Fourth Circuit law regarding Eighth Amendment excessive force claims at the time of the incident at issue makes it apparent "that a reasonable official would understand that what he is doing violates [the Eighth Amendment]" . Anderson at 640; Morva at *8. At the time of plaintiff's claims against officer Crum, the clearly established Fourth Circuit Eighth Amendment excessive force law required a plaintiff to prove either more than *de minimis* injury or "extraordinary circumstances" meaning "when the force used is 'diabolic', 'inhuman' or 'repugnant to the conscience of mankind'". Adams v. Compton, 2005 WL 2206101 *4 n.2 (W.D. Va. Sept. 12, 2005) (Conrad, J.) (quoting Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994)

(*en banc*) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992). Norman was later abrogated by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010), but the Norman legal standard for excessive force claims determines the defendant's qualified immunity for the incident at issue in this case because Norman was the clearly established Fourth Circuit law on November 1, 2007 the time of the incident. *See* Anderson at 640.

Wilson v. Seitler, 501 U.S. 294, 298 (1991) held that there is both an objective and subjective element which plaintiffs in Eighth Amendment prisoner excessive force claims must prove, *i.e*, "an objective deprivation of basic human need and that prison officials subjectively acted with a sufficiently culpable state of mind". Morva at *6. "The inquiry requires evaluation of 'whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)'". *Id.* (quoting Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "The subjective component encompasses 'such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted'". *Id.* (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986) (internal quotation marks, alterations and citation omitted). "The objective component generally requires more than a *de minimis* force". *Id.* (citing Hudson v. McMillian, 503 U.S. at 9-10.

On November 1, 2007, the clearly established Fourth Circuit law "required a plaintiff experiencing actionable cruel and unusual punishment to suffer more than *de minimis* injury or receive force 'repugnant to the conscience of mankind'". *Id.* (quoting Norman at 1263 ("we hold that, absent the most extra ordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*."). This court has previously held in

3

this case that "*[d]e minimis* injury can be conclusive evidence that the force used was also *de minimis* and, therefore, not violative of constitutional protections". Dkt. No. 9 p. 7 (memorandum opinion dismissing the plaintiff's complaint pursuant to 28 U.S.C. 1915A)(citing Norman 25 F.3d at 1263).

The plaintiff's evidence at trial was that the defendant entered his flooded cell and repeatedly punched and elbowed him causing plaintiff to become dizzy and hunched over. However, the plaintiff's BOP medical records for his stay at the United States Penitentiary in Lee County show that he never sought treatment for or complained of any injuries sustained during this supposed assault. Additionally, the video of the plaintiff soon after Crum removed him from the flooded cell and placed him in a holding cell shows him without any apparent harm or injury. The plaintiff appears to be steady on his feet and he is standing upright not hunched over.

It is the law as it existed at the time of the alleged wrong that "[gives] the officers 'fair warning' that their conduct was unconstitutional". Chambers v. Pennycook, 641 F.3d 898, 908 (8th Cir. 2011) (quoting Hope v. Peltzer, 536 U.S. 730, 741 (2002)); *see also* Morva v. Johnson, 2011 WL 3420650 *7 (W.D. Va. Aug. 4, 2011). Therefore, because the plaintiff's trial evidence establishes no injury or at most *de minimis* injury the defendant is entitled to qualified immunity. *See* Anderson v. Creighton, 483 U.S. at 640 (The defendant is entitled to qualified immunity unless "in light of pre-existing law the unlawfulness [of his acts] must be apparent".) Further it is also clear that the incident was not "diabolic, inhuman or repugnant to the conscience of mankind". Norman, 25 F.3d at 1263 (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

## CONCLUSION

Therefore, the defendant is entitled to judgment as a matter of law based on his qualified immunity for the acts alleged by the plaintiff. Alternatively, the defendant moves the court to grant him a new trial pursuant to Rules 50(b) (2) and 59.

October 18, 2011.

                                                      Respectfully submitted,

                                                      TIMOTHY J. HEAPHY
                                                      UNITED STATES ATTORNEY

                                                      /s/ Thomas L. Eckert
                                                      Assistant U.S. Attorney
                                                      P.O. Box 1709
                                                      Roanoke, VA 24008
                                                      (540) 857-2761 or 2254  voice
                                                      (540) 857- 2283 FAX
                                                      Virginia Bar # 18781
                                                      thomas.eckert@usdoj.gov
                                                      Attorney for the Defendant William Crum

OF COUNSEL:
Lara Crane, Esq.
Senior Attorney
Federal Bureau of Prisons
Consolidated Legal Center, FCI Berkley
P.O. Box 1280
Beaver, W.V.  25813

CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011 I electronically filed the above motion using the CM/ECF system which will electronically provide notice of the filing and a true copy of the same to Arlene Sokolowski - Craft, attorney for the plaintiff.

<pre>
                                              /s/ Thomas L. Eckert
                                              Thomas L. Eckert
</pre>